UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-329-KSF

EMILY TURNER　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　**OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY　　　　　　　　　　　　　　DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Emily Turner, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claims for Supplemental Security Income ("SSI") and period of disability and disability insurance benefits ("DIB"). The Court, having reviewed the record, will remand this matter to the Commissioner for further proceedings.

**I.　　OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)　　If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)　　If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)　　If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of

1

at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**II.     THE ADMINISTRATIVE DECISION**

On April 24, 2006, Turner filed a Title XVI application for supplemental security income and on August 15, 2005, she filed a Title II application for a period of disability and disability insurance benefits. [TR 309, 48] In both applications, Turner alleged disability beginning on December 12, 2002. Turner claims that she is disabled due to neck and shoulder pain, lower back and bilateral hip pain, headaches, numbness in her upper right arm and weakened grip in her right hand. Turner's claims were denied initially and upon reconsideration. She filed a timely written request for a hearing before an ALJ, which was conducted on December 8, 2006. [TR 16] The ALJ subsequently issued his decision denying Turner's application for SSI and DIB benefits on February 26, 2007. [TR 13]

Because Turner is pursuing a claim for period of disability and disability insurance benefits, she first must satisfy the insured status requirements of sections 216(i) and 223 of the Social Security Act. The ALJ determined that Turner has acquired sufficient quarters of coverage to remain insured through September 30, 2006. [TR 16] Thus, in order to be entitled to DIB benefits, Turner must establish disability on or before December 12, 2002.

The ALJ began his analysis at step one by determining that Turner has not engaged in any substantial gainful activity since her alleged onset date of December 12, 2002. [TR 18] At step two,

3

the ALJ found that Turner suffers from the following severe impairments: degenerative disc disease and obesity. [TR 18] These severe impairments, however, do not meet or medically equal one of the listed impairments in the regulations. [TR 21] Rather, the ALJ found that Turner retains the residual functional capacity to perform a range of light work activity as follows: lift/carry 20 pounds occasionally and 10 pounds frequently with a sit/stand option. She can perform occasional stair climbing, stooping, kneeling, crouching and crawling. She is precluded from climbing ladders/ropes/scaffolds and working around hazardous settings or machinery. [TR 21]

Because the ALJ found that Turner's severe impairments do not satisfy any of the listings and she retained the residual functional capacity for a range of light work, the ALJ proceeded to step four of the sequential evaluation analysis and considered whether she was capable of performing her past relevant work as a substitute teacher which is light and skilled and as a cashier which is light and unskilled. Considering Turner's residual functional capacity, the ALJ determined that Turner could not perform her past relevant work. [TR 23]

At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Turner's age, educational background, past relevant work experience and RFC, the ALJ found that Turner was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied her claim for DIB and SSI. As a result, the ALJ found that Turner was not disabled. [TR 23]

The ALJ's decision that Turner is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on July 26, 2007. [TR 6] This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**III.    ANALYSIS**

On appeal, Turner argues that the ALJ's determination was not based on substantial evidence and failed to apply the proper legal standards for several reasons. First, Turner argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Robert C. Hoskins, and failed to give adequate rationale for his rejection of the restrictions imposed by Dr. Hoskins.

It is well established that the findings and opinions of the treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 530-31 (6th Cir. 1997); *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference"). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20

C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

The court finds that the ALJ erred by failing to give controlling weight to the opinion of Turner's treating physician, Dr. Hoskins. Other than the opinions from two one-time consultative physicians and the state agency physicians who simply reviewed Turner's medical record, nothing in the medical record contradicts Dr. Hoskins' restrictions. Dr. Hoskins had a long-term, patient-physician relationship with Turner and Turner's medical record, which includes multiple x-rays, MRI results and EMG/NCS test results, provides objective evidence for Dr. Hoskins' restrictions. Certainly, the opinion of Dr. Hoskins is entitled to great weight. Moreover, the medical record contains opinions of other physicians and medical professionals, Dr. James Bean, a neurologist, Martin Joplin, ARNP, Dr. Ronald Dubin, an orthopedic specialist, and Dr. Jayalakshmi Pampati, a rheumatologist, that support the opinion of Dr. Hoskins. By failing to consider the factors listed in 20 C.F.R. § 404.1527(d) to determine the weight to be given the opinions of Dr. Hoskins, the ALJ's rejection of this treating physician's assessments of Turner's functional capacity is not supported by substantial evidence.

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in

conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under sentence four of 42 U.S.C. § 405(g), this court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 4059g). Where, as in this case, there is insufficient support for the ALJ's findings, the appropriate remedy is reversal and a sentence-four remand for further consideration. *See Faucher*, 17 F.3d at 174.

IV.  **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby orders as follows:

(1)   the claimant's motion for summary judgment [DE #9] is GRANTED IN PART to the extent that this matter is remanded to the Commissioner for further proceedings and DENIED IN PART to the extent that claimant seeks an award of benefits;

(2)   the Commissioner's motion for summary judgment [DE # 10] is DENIED;

(3)   the decision of the Commissioner is REVERSED, and this matter is REMANDED to the Commissioner for further proceedings consistent with this Opinion and Order; and

(4)   a judgment will be entered contemporaneously with this Opinion and Order.

This the 25th day of June, 2008.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**